Carl BUGGS, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 03–1462.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 13, 2004.

Decided Aug. 3, 2004.

William H. Levit, Jr., Godfrey & Kahn, Milwaukee, WI, for Petitioner–Appellant.

Andrew B. Baker, Jr., Hammond, IN, for Respondent–Appellee.

Before EASTERBROOK, RIPPLE, and WILLIAMS, Circuit Judges.

### Order

This proceeding is successive to our unpublished order affirming Carl Buggs's conviction and sentence. See *United States v. Buggs*, 6 Fed.Appx. 484 (7th Cir. 2001). After that decision became final, Buggs filed a motion for collateral relief under 28 U.S.C. § 2255. He contended that the conviction is defective because the prosecutor and district court constructively amended the indictment. That argument was not raised at trial or on direct appeal, although it was available then. So to avoid the forfeiture Buggs contended that his trial and appellate counsel had furnished ineffective assistance by failing to raise the issue; Buggs asserted that counsel displayed other shortcomings too. The district court rejected that contention and denied Buggs's motion.

The indictment charged Buggs with violating the Hobbs Act by stealing "United States currency" during armed robberies of enterprises that were engaged in interstate commerce, and with conspiring to commit these robberies. Buggs's defense was a denial of participation: at the time of some robberies he had been in prison and, he insisted, did not conspire with the actual robbers; with respect to the robberies that occurred while he was out of prison, Buggs maintained, the evidence did not establish beyond a reasonable doubt his participation in the events. He also contended that the proofs did not show that the robberies affected interstate commerce. The jury, however, found the evidence sufficient, and as we have related we affirmed the convictions on direct appeal.

Now Buggs argues that testimony showing that the loot included guns as well as cash constructively amended the indictment. It is unsurprising that counsel did not raise such a contention at trial or on appeal, as it is unrelated to Buggs's defense. Neither Buggs nor any of his codefendants denied that money and other valuables had been taken from the enterprises. It was accordingly irrelevant just which items the robbers left with. No one contends—not even in these post-conviction proceedings—that the robbers took guns but *not* cash. Contrast *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). There was accordingly no risk that enumeration of the items scooped up by the robbers could have led the jury to convict Buggs on a theory other than the one charged in the indictment.

Buggs's remaining objections to the adequacy of his lawyer's performance are frivolous, and we substantially agree with the district court's evaluation of them.

Affirmed